IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INSIGHT TRADING, LLC <br> Plaintiff, § <br> § <br> v. § <br> § <br> M/V FULL RICH, her engines, § <br> tackle, boilers, etc. § <br> § <br> § <br> v. § <br> § <br> STX PAN OCEAN CO., LTD., § <br> CHINA OCEAN SHIPPING (GROUP) § <br> CO. (COSCO), COSCO (HK) SHIPPING § <br> CO. LTD., and GATWICK § <br> SHIPPING LTD. § <br> Defendants. § | C.A. NO. _____ <br> Admiralty Rule 9(h) |

## COMPLAINT

1. Plaintiff, Insight Trading, LLC, by its attorneys, Hill Rivkins & Hayden LLP, complaining of STX Pan Ocean Co., Ltd. ("STX"), China Ocean Shipping (Group) Co. ("COSCO"), COSCO (HK) Shipping Co. Ltd. ("COSCO HK"), and Gatwick Shipping Ltd. ("Gatwick"), collectively "defendants", alleges upon information and belief:

**A.**

2. This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

**B.**

3. At and during all the times hereinafter mentioned, Insight Trading was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Insight Trading had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4. At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

**D.**

5. On or about June 30, 2008, at the port of Shanghai, China, the M/V Full Rich and defendants received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

**E.**

5. Thereafter, the vessel arrived at the Port of Houston, where the cargo was found physically damaged by rough, careless, and improper handling. On information and belief, defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

**F.**

6. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in

Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

### G.

7.　Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### H.

8.　Plaintiff has duly performed all duties and obligations on its part to be performed.

### I.

9.　By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of TWELVE THOUSAND FIVE HUNDRED AND EIGHT AND 61/100 DOLLARS ($12,508.61).

### J.

10.　All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to

appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

    4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Sara Banks/*

DANA K. MARTIN
SDTX I.D. No. 126
Texas Bar No. 13057830
SARA M. BANKS
SDTX I.D. No. 959003
Texas Bar No. 24064861
712 Main Street, Suite 1515
Houston, Texas 77002
Telephone: (713) 222-1515
Telefax: (713) 222-1359
E-mail: dmartin@hillrivkins.com
        sbanks@hillrivkins.com

ATTORNEYS FOR PLAINTIFF
INSIGHT TRADING LLC

OF COUNSEL:

HILL RIVKINS & HAYDEN LLP

THE STATE OF TEXAS   *
                    *
COUNTY OF HARRIS    *

Sara M. Banks, being duly sworn, deposes and says:

She is an attorney and associate of the firm of Hill Rivkins & Hayden LLP, attorneys for plaintiff herein; she has read the foregoing complaint and knows the contents thereof; and that the same is true to her own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, she believes them to be true.

The sources of deponent's information and the grounds for her belief as to those matters stated in the complaint, to be alleged on information and belief, are documents and records in his files.

_____
Sara Banks

Subscribed and sworn to before me, the undersigned authority, this ___19th___ day of August, 2009.

_____
Notary Public, State of Texas
My Commission Expires  3/26/2012

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2012

5

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Insight Trading, LLC,** was and now is a corporation with an office and place of business at:

2207 Concord Pike, Box 539
Wilmington, DE 19803

**M/V Full Rich,** was at all material times a bulk carrier vessel sailing under the Hong Kong flag. The vessel was built in 1995, its call sign is VRWC9, and its gross tonnage is 24,055 tons.

Defendant, **STX Pan Ocean Co., Ltd.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

STX Namsan Tower
631 Namdaemunno 5-ga
Jung-gu, Seoul, Korea

Or its United States office at:
Mr. D. Y. Lee
STX Pan Ocean Co, Ltd.
201 Route 17 North, 3rd Floor
Rutherford, NJ 07070

Defendant, **China Ocean Shipping (Group) Co.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Ocean Plaza
158 Fuxingmennei Street
Beijing 100031, China

Or its United States office at:
COSCO America Inc.
100 Lighting Way

Secaucus, NJ 07094

Defendant, **COSCO (HK) Shipping Co. Ltd.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

50-51 Floors COSCO Tower
183 Queen's Road Central Hong Kong
Hong Kong, China

Defendant, **Gatwick Shipping Ltd.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

50-51 Floors Cosco Tower
183 Queen's Road Central Hong Kong
Hong Kong, China

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Full Rich |
| Date of Shipment: | August 19, 2008 |
| Port of Shipment: | Shanghai, China |
| Port of Discharge: | Houston, Texas |
| Shipper: | Yangzhou Lontrin Steel Tube Co., Ltd. |
| Consignee: | Insight Trading, LLC, c/o Stelfer Steel and Pipe LLC |
| Description of Shipment: | Steel Pipe |
| Nature of Loss or Damage: | Physical damage |
| Amount: | $12,508.61 |

7